**CLD-101**                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3169
_____

ANDRE LAMONT CROMWELL,
Appellant

v.

JOSEPH FICHTER, in his official capacity as Detective of the Washington County
District Attorney's drug task force/officer for the City of Washington Pennsylvania,
Police Department; JOHN DOE, in his official capacity as Chief of Police, for the city of
Washington Pennsylvania Police Department; THE  CITY OF WASHINGTON
PENNSYLVANIA, as the municipal corporation within the State of Pennsylvania;
RACHEL WHEELER, as Assistant District Attorney of Washington County
Pennsylvania, in her official capacity; JASON M. WALSH, In his official capacity as
District Attorney of Washington County, Pennsylvania
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:21-cv-00175)
Magistrate Judge:  Honorable Lisa Pupo Lenihan
_____

Submitted on a Motion to Proceed In Forma Pauperis, for Possible Dismissal Pursuant to
28 U.S.C. § 1915(e)(2)(B), or for Possible Summary Action Pursuant to Third Circuit
LAR 27.4 and I.O.P. 10.6
March 9, 2023
Before:  GREENAWAY, JR., MATEY, and FREEMAN, Circuit Judges

(Opinion filed: May 31, 2023)
_____

OPINION*

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**PER CURIAM**

Andre Lamont Cromwell appeals pro se from an order of the United States District Court for the Western District of Pennsylvania granting the defendants' motions to dismiss his amended civil rights complaint. For the following reasons, we will summarily affirm.

While incarcerated in Pennsylvania, Cromwell filed a complaint, which he later amended, raising federal and state law claims arising from his arrest, prosecution, and plea of guilty in 2019 to drug offenses. (ECF 21.) He named as defendants a detective for the Washington County District Attorney's Drug Task Force; the Chief of Police for the City of Washington; the City of Washington; and the District Attorney and an Assistant District Attorney in Washington County. The defendants filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). (ECF 33, 35, 57.)

The District Court[1] granted those motions and dismissed the complaint with prejudice and without leave to amend. (ECF 74 & 75.) It held that Cromwell's amended complaint failed to plausibly allege claims for malicious prosecution, malicious abuse of process, false imprisonment, intentional infliction of emotional distress, conspiracy, and violations of the Eighth Amendment premised on the conditions of confinement. The

---

[1] A Magistrate Judge presided over this case with the consent of the parties.

District Court also held that Cromwell failed to allege that the Chief of Police was personally involved in the alleged violations of his rights. Furthermore, the District Court concluded that Cromwell failed to state a valid claim of municipal liability against the City of Washington. Finally, the District Court held that Cromwell failed to state plausible claims under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. According to the District Court, allowing further amendment would have been futile. Cromwell timely appealed. (ECF 77.)

We have jurisdiction pursuant to 28 U.S.C. § 1291, and review the District Court's grant of a motion to dismiss under Rule 12(b)(6) de novo. See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (citations and quotation marks omitted). We may summarily affirm a District Court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We agree with the District Court's dismissal of Cromwell's claims. Cromwell's malicious prosecution claim fails because success on it would necessarily imply the invalidity of his conviction. See Heck v. Humphrey, 512 U.S. 477, 487 (1994) (holding that a civil action that would impugn a criminal conviction if successful cannot be

3

maintained until that conviction is invalidated); see also Thompson v. Clark, 142 S. Ct. 1332, 1335 (2022) (holding that plaintiff must show a favorable termination of the criminal prosecution to bring a claim of malicious prosecution under the Fourth Amendment). Cromwell's claim of malicious abuse of process failed because he did not allege that there was a "perversion" of the criminal prosecution process to accomplish a purpose other than that for which the criminal process was intended. See Jennings v. Shuman, 567 F.2d 1213, 1218 & n.4 (3d Cir. 1977). The District Court also properly dismissed Cromwell's conspiracy claims. Aside from his bare assertion that the police and district attorney defendants "conspired" against him in the course of his arrest and prosecution, he presented no factual allegations to support a conspiracy claim. See Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010) ("[T]o properly plead an unconstitutional conspiracy [under § 1983], a plaintiff must assert facts from which a conspiratorial agreement can be inferred.").

Furthermore, Cromwell failed to state a claim for false arrest and false imprisonment. Claims for false arrest and false imprisonment require that an arrest was made without probable cause. Groman v. Twp. of Manalapan, 47 F.3d 628, 634-36 (3d Cir. 1995). Although Cromwell alleged that his arrest was based on a false report of

4

criminal activity made by a witness, Cromwell made no factual allegations to support his conclusory statements.[2]

The District Court also properly dismissed Cromwell's intentional infliction of emotional distress claim. Such a claim requires, "at the least, [a demonstration of] intentional outrageous or extreme conduct by the defendant, which causes severe emotional distress to the plaintiff." Swisher v. Pitz, 868 A.2d 1228, 1230 (Pa. Super. Ct. 2005). Here, the defendants' conduct in arresting and prosecuting Cromwell based on a witness's statement that Cromwell possessed drugs is simply not sufficiently outrageous to sustain a claim of intentional infliction of emotional distress. Clark v. Twp. of Falls, 890 F.2d 611, 623 (3d Cir. 1989) (noting that "courts have found intentional infliction of emotional distress only where the conduct at issue has been atrocious and utterly intolerable in a civilized community." (internal quotation marks omitted)); see also Manley v. Fitzgerald, 997 A.2d 1235, 1241 (Pa. Commw. Ct. 2010) ("Police officers doing their job by arresting people when they have probable cause to do so certainly falls far short of extreme or outrageous conduct.").

We also agree that Cromwell failed to state a claim against the City of Washington because he failed to identify any policy, practice, or custom that was the cause of his

---

[2] Because Cromwell made no factual allegations to indicate that his arrest was lacking in probable cause, he also cannot state an unreasonable search and seizure claim. See Terry v. Ohio, 392 U.S. 1, 9 (1968) ("[W]hat the Constitution forbids is not all searches and seizures, but unreasonable searches and seizures.") (citation omitted).

5

alleged injuries.  See Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).  To the contrary, as the District Court noted, Cromwell claimed that the conduct of the detective and prosecutors was "deliberate fraud motivated by malice and vendetta to secure - as in multiple previous, also-falsified arrests – [Cromwell's] arrest, prosecution and conviction …." (ECF 74, a 17.)  In addition, Cromwell's amended complaint failed to allege that the Chief of Police and the District Attorney were personally involved in the alleged deprivations.  See Durmer v. O'Carroll, 991 F.2d 64, 69 n.14 (3d Cir. 1993) (noting that liability under § 1983 may not be based on the doctrine of respondeat superior).  Likewise, Cromwell did not claim that any of the named defendants were involved in allegedly unconstitutional conditions of confinement that he experienced after being convicted.  And, principally for the reasons provided by the District Court, we agree that Cromwell failed to state a claim under the Fifth, Sixth, and Fourteenth Amendments.  Nguyen v. U.S. Catholic Conference, 719 F.2d 52, 54 (3d Cir. 1983) (per curiam) (explaining that the Fifth Amendment applies to federal officials); Berg v. Cnty. of Allegheny, 219 F.3d 261, 268 (3d Cir. 2000) (stating that "when government behavior is governed by a specific constitutional amendment, due process analysis is inappropriate").  Finally, because the District Court already received one amended complaint from Cromwell and reasonably determined that further amendment would be futile, declining to grant further leave to amend was proper.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

6

Because this appeal does not present a substantial question, we will summarily

affirm.[3]  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[3] Cromwell's application to proceed in forma pauperis is granted.